UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:95-CR-00038-BR

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>WILBERT DECOSTA GREAVES )<br>                 Defendant ) | ORDER |

This matter is before the court on defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The government filed a motion to dismiss, to which defendant has filed a response.

This statute permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Under this policy statement, a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable range" due to "the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A)(ii).

Here, defendant relies on the recent guideline amendment relating to the offense level for crack cocaine offenses, Amendment 706. Defendant was convicted of three crack-related offenses: distribution of crack, possession with intent to distribute crack, and conspiracy to traffic crack. Even so, defendant's base offense level was determined by reference to U.S.S.G. § 4B1.1, which pertains to career offenders. The court did not rely on the guideline for

determining the offense level applicable to distribution of, possession with intent to distribute, or conspiracy to traffic a controlled substance, U.S.S.G. § 2D1.1, which Amendment 706 affected. Amendment 706 does not have any effect on the career offender guideline pursuant to which the court determined defendant's offense level, and therefore, does not have the effect of lowering defendant's guideline range.  Under such circumstances, the court cannot reduce defendant's sentence.  See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision." (footnote omitted)).

In an attempt to avoid the court's reliance on the career offender designation, defendant points out that prior to trial, the government did not provide information of its intent to rely on the career offender guideline enhancement.  This avenue does not entitle defendant to a reduction in his sentence.  First, whether or not the government properly filed any information required by 21 U.S.C. § 851(a)(1) is outside the scope of a 18 U.S.C. § 3582(c)(2) proceeding, such as this.  See United States v. Dunphy, 551 F.3d 247, 255 (4th Cir. 2009) ("Section 3582(c)(2) was meant only to permit courts to reduce certain defendants' sentences to account for retroactive guideline amendments.").  Second, the court has previously considered, and rejected, this argument in connection with defendant's 28 U.S.C. § 2255 motion.  (See 7/2/99 Order at 4-5.)

The motion for a sentence reduction is DENIED, and the government's motion to dismiss is DENIED as moot.

This 14 December 2010.

                                        W. Earl Britt
                                        Senior U.S. District Judge