UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:95-CR-00038-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| WILBERT DECOSTA GREAVES, | ) | |
| Defendant | ) | |

This matter is before the court on defendant's letter dated 5 January 2011, which the court construes as a *pro se* motion to (1) reconsider the 15 December 2010 order denying defendant's motion for a sentence reduction and (2) appoint counsel.

On 2 November 1995, defendant was charged in a superseding indictment with conspiracy to distribute cocaine base, possession with intent to distribute cocaine base, and distribution of cocaine base. On 7 December 1995, the jury found defendant guilty of all three counts. The court sentenced defendant to 360 months imprisonment. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on 28 December 1998. On 2 July 1999, the court dismissed defendant's motion to vacate. On 18 October 2010, defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The court subsequently denied defendant's motion. (12/15/10 Ord.)

First, the court considers defendant's motion for reconsideration. Defendant argues that he was wrongfully sentenced as a "career offender." In support of his contention, defendant argues, again, that it is plain error for the court to sentence him as a career offender under U.S.S.G. § 4B1.1 if the government did not first file notice under 21 U.S.C. § 851 of its intent to

use a prior conviction to enhance his sentence. Defendant suggests that both <u>United States v. LaBonte</u>, 520 U.S. 751 (1997), and <u>United States v. Beasley</u>, 495 F.3d 142 (4th Cir. 2007), support his argument that his offense level should have been determined by U.S.S.G. § 2D1.1, rather than the career offender guideline under § 4B1.1, because the government did not file the requisite notice under 21 U.S.C. § 851. In light of these two cases, defendant ultimately requests the court to re-sentence him "without the 'career offender' label." The court, having addressed this issue on two prior occasions– in its rulings on the motion to vacate and the motion for a sentence reduction, declines to re-sentence defendant. (<u>See</u> 7/2/99 Ord., at 4–5; 12/15/10 Ord., at 1–2.)

Next, the court evaluates defendant's motion to appoint counsel. Defendant merely states that because he is a layperson the court should appoint counsel to "to prevent the Court from being filled up with paperwork." (Mot. at 2.) The Sixth Amendment guarantees that indigent defendants will have representation during the trial stage of their criminal proceeding and through their first appeal of right. <u>Ross v. Moffitt</u>, 417 U.S. 600, 610, 614 (1974) (citations omitted). After the first appeal of right, the court is not required to appoint counsel, nor is the defendant entitled to it. <u>See</u> <u>id.</u> at 610–11.

For the foregoing reasons, defendant's motion to reconsider and to appoint counsel is DENIED.

This 29 April 2011.

                                              W. Earl Britt
                                              Senior U.S. District Judge