IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:95-CR-00038-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILBERT DECOSTA GREAVES | ) | |

This matter is before the court on defendant's motion for a sentence reduction under the First Step Act of 2018 ("First Step Act"). (DE # 119.) The government filed a response in opposition, (DE # 121), to which defendant filed a reply, (DE # 122). The United States Probation Office then filed a memorandum setting forth its assessment of defendant's eligibility for relief, (DE # 123), to which defendant filed a response, (DE # 124).

In 1995, defendant was charged in a superseding indictment with conspiracy to distribute and possess with the intent to distribute cocaine base ("crack cocaine"); possession with intent to distribute 547 grams of crack cocaine; and distribution of approximately 547 grams of crack cocaine. At trial, the jury found defendant guilty of all counts.[1] The court sentenced defendant to 360 months imprisonment on each count to run concurrently and to five years supervised release on each count to run concurrently. The Fourth Circuit Court of Appeals affirmed defendant's conviction and sentence. United States v. Greaves, No. 96-4032, 1997 WL 467512 (4th Cir. Aug. 15, 1997). In 2017, President Barack Obama commuted defendant's term of imprisonment to expire on 19 January 2019, conditioned upon his enrollment in the Bureau of

---

[1] Although the superseding indictment charged specific quantities of crack cocaine in the possession and distribution counts, it does not appear the jury was required to make any findings beyond a reasonable doubt as to drug quantities, which was consistent with the law at the time. The government does not contend otherwise.

Prison's Residential Drug Abuse Program ("RDAP"). (DE # 116, at 1-2.) The President left intact defendant's term and conditions of supervised release. (Id.) Defendant was released from imprisonment on 3 August 2018. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 15729-056) (last visited Oct. 22, 2020).

In June 2020, defendant, with the assistance of counsel, filed the instant motion, requesting that his term of supervised release be reduced to three years on all counts. According to defendant, the Fair Sentencing Act of 2010 ("Fair Sentencing Act") modified the statutory penalties associated with his offenses such that if he were sentenced today, he would be subject to a maximum term of imprisonment of 20 years and a mandatory minimum term of supervised release of three years on each count. (See Mot., DE # 199, at 3-4.)

The government first argues that defendant is not eligible for relief because he is serving a "new," presidentially imposed sentence. (Resp., DE # 121, at 5-6.) It further argues, based on the amount of crack cocaine involved in the offenses, 501.56 grams, defendant would be subject to the same statutory penalties, if he were charged with the offenses today, and therefore, the court should deny defendant any relief. (Id. at 6.)

The court first considers whether defendant is eligible for any relief under the First Step Act although his sentence has been commuted. In support of its argument that the court cannot modify defendant's "new" sentence, the government relies exclusively on the decision in United States v. Surratt, 855 F.3d 218 (4th Cir. 2017) (en banc). In that case, the Fourth Circuit dismissed the appellant's appeal from the district court's order denying him collateral relief under 28 U.S.C. § 2241. See Surratt, 855 F.3d at 219; United States v. Surratt, 797 F.3d 240, 244 (4th Cir. 2015), reh'g granted, No. 14-6851 (4th Cir. Dec. 2, 2015). Because the President

2

had commuted the appellant's sentence, the appellate court concluded his appeal was moot. See Surratt, 855 F.3d at 219. Judge Wilkinson, in his concurring opinion, characterized the appellant's sentence not as "a judicially imposed sentence, but a presidentially imposed one," which the court "may not readjust or rescind . . . ." Id. at 219; but see id. at 221 ("[T]he part of the sentence that remains after commutation is part of a judicial sentence, not a newly created executive sentence.") (Wynn, J., dissenting). It is this language on which the government hangs its hat. (See Resp., DE # 121, at 5-6.) However, as defendant correctly notes, every district court presented with the government's argument in a First Step Act case has rejected it. (See Reply, DE # 122, at 1-2 (collecting cases).) Those courts have concluded the shortening of an existing sentence by commutation is not the imposition of a "new" sentence. See, e.g., United States v. Barber, 409 F. Supp. 3d 542, 545 (W.D. Va. 2019); see also United States v. Patton, No. 1:07-cr-00033-MR-WCM-9, 2020 WL 5209313, at *3 (W.D.N.C. Sept. 1, 2020) (concluding that the defendant is serving a judicial sentence, whose term of imprisonment has been capped by executive action). Furthermore, Surratt is particularly distinguishable from this case because defendant requests a reduction only to his term of supervised release, all aspects of which the President's commutation explicitly left intact. The court concludes that the commutation of defendant's sentence does not render him ineligible for relief under the First Step Act.

Under the Act itself, eligibility is determined by whether a defendant is serving a sentence for a "covered offense." United States v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020). The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. 5194,

3

5222 (2018). Those sections of the Fair Sentencing Act increased the threshold amounts of crack cocaine necessary to trigger mandatory minimum terms of imprisonment for trafficking crack cocaine and eliminated the five-year mandatory minimum term of imprisonment for simple possession of crack cocaine. See Pub. L. No. 111-220, §§ 2, 3, 124 Stat. 2372 (2010).

In this case, defendant committed the offenses, all of which involved crack cocaine, prior to 3 August 2010. At the time defendant committed the offenses, the relevant statutory penalties for each count were 10 years to life imprisonment and five years to life supervised release. 21 U.S.C. §§ 841(b)(1)(A)(iii) (1994), 846 (1988). (See also PSR at 1, ¶¶ 44, 47.) The Fair Sentencing Act modified these penalties. If the Fair Sentencing Act was in effect at the time defendant committed the offenses, he would be subject to no more than 20 years imprisonment and three years to life supervised release. 21 U.S.C. § 841(b)(1)(C) (2018). Accordingly, defendant is serving a sentence for "covered offenses" under the First Step Act, and he is eligible for relief.

Even so, the court retains significant discretion in determining whether a reduction under the First Step Act is warranted and the extent of any reduction. See United States v. Wirsing, 943 F.3d 175, 180 (4th Cir. 2019). Informing the court's decision are the relevant 18 U.S.C. § 3553(a) factors and the defendant's post-sentencing conduct. See Chambers, 956 F.3d 667, 674-75 (4th Cir. 2020).

Defendant is 71 years old. He served more than 23 years imprisonment for the instant offenses. During that time, he completed the RDAP and did not sustain any disciplinary infractions. (USPO Mem., DE # 123, at 2.) Since his release more than two years ago, he has been compliant with the terms of his supervision, and he has been in the low intensity

supervision program for more than one year. (Id.) Considering all the circumstances, the court concludes a reduction in defendant's sentence of supervised release is appropriate.

Defendant's motion for a sentence reduction is ALLOWED. Defendant's previously imposed sentence of supervised release as reflected in the judgment dated 4 January 1996 is REDUCED to three years on each count, all to run concurrently. All other aspects of the judgment remain intact. For purposes of the record, the Clerk is DIRECTED to file on the docket the superseding indictment (with the foreperson's signature redacted), the jury verdict (with the foreperson's signature redacted), the unofficial version of the jury instructions, and defendant's presentence report (under seal).

This 23 October 2020.

_____
W. Earl Britt
Senior U.S. District Judge